UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

SUSANNE M.,

                Plaintiff,

    v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 2:23-cv-00174-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income (SSI) and for disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that Plaintiff was not disabled. Dkt. 1, Complaint.

    Plaintiff filed her application for SSI and DIB on July 29, 2020. AR 15, 203-210.[1] She asserted July 3, 2019 as the date of disability onset. *Id.* Her date last insured for DIB was December 31, 2019. AR 16. The hearing before the ALJ was held by phone on May 24, 2022. AR 38. The ALJ found Plaintiff had the following severe impairments:

---

[1] Plaintiff asserts that she applied for both SSI and DIB. Dkt. 7, Plaintiff's Opening Brief, at 1-2. Defendant suggests the only application was for DIB. Dkt. 10, Defendant's Brief, at 1-2. Given that the parties did not raise this as an issue, the Court will address the Plaintiff's allegations by assuming, without deciding, that her application was submitted for benefits under both SSI and DIB.

1

lumbar spine disease, anxiety, bipolar disorder, obesity and status post-right foot surgery. AR 18.

The ALJ posed hypothetical questions to the Vocational Expert (VE) (AR 51-57), and based on the VE's testimony, the ALJ found Plaintiff had the Residual Functional Capacity (RFC) to perform a restricted range of light work, with further limitations including: only simple and routine instructions; no contact with the public; no coordinated work with co-workers; occasional contact with supervisors; only occasional stooping; no crouching, crawling, kneeling, or climbing ramps, stairs, ropes, ladders, or scaffolds; and no work at heights or in proximity to hazards. AR 20.

The ALJ found that given these restrictions, Plaintiff would be precluded from performing any of her past relevant work but could work, instead, as a garment bagger, marker, and photocopy machine operator. AR 25.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). When it would be rational to interpret the evidence in more than one way, the court is required to uphold the decision of the Commissioner. *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir. 2001) (as amended).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the

evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

ISSSUES

A. Did the ALJ err by not giving credit to Plaintiff's testimony about bilateral severe osteoarthritis as a severe impairment?

DISCUSSION

Plaintiff challenges the ALJ's determination that Plaintiff did not have a severe impairment with respect to her lower extremities during her disability period. Dkt. 7 at 3-4. She states that after December 31, 2019, the date last insured, her condition progressed; thus, the ALJ should have given credit to her testimony about her knee condition, and found her to be disabled. *Id.* at 4-5.

At step two of the sequential evaluation process, the ALJ must determine whether an impairment is "severe." 20 C.F.R. Pt. 404.1520, 416.920. An impairment is not severe if it does not significantly limit a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. Pt. 404.1520(a)(4)(iii). Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. Pt. 404.1521(b); Soc. Sec. Rul. 85-28, 1985 WL 56856, at *3. An impairment is not severe if the evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Soc. Sec. Rul. 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9thCir. 1996).

"Step [t]wo is merely a threshold determination meant to screen out weak claims." *Buck*, 869 F.3d at 1048 (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1984)). "It is not meant to identify the impairments that should be taken into account when determining the RFC." *Id.* at 1048-49. In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' " *Id.* at 1049 (quoting Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *5 (1996)). "The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (Emphasis in *Buck*.) In *Buck*, the Ninth Circuit rejected the claim that the ALJ erred where after a second hearing the ALJ found new severe impairments but did not change the claimant's RFC. The appeals court determined that all of the claimant's impairments were taken into account and there was no error. *Id.* The court also held that since step two was decided in Buck's favor "[h]e could not possibly have been prejudiced." *Id.*

Under *Buck*, the ALJ's RFC formulation should be exactly the same regardless of whether an impairment is severe or not. Also, as in *Buck*, the ALJ here resolved step two in Plaintiff's favor. In this case, the ALJ found: "Bilateral knee osteoarthritis is not clearly established as a medically determinable impairment. Even if established, I find that it is non-severe. However, I have accounted for the claimant's knee complaint in the residual functional capacity." AR 18. The RFC included limitations relating to Plaintiff's knee condition: "only occasional stooping; no crouching, crawling, kneeling, or climbing ramps, stairs, ropes, ladders, or scaffolds; and no work at heights or in proximity to hazards." AR 20.

The ALJ found that Plaintiff's complaints were not proportional to the objective medical evidence in the record. AR 22. This finding is supported by substantial evidence. In assessing a claimant's credibility concerning symptoms and work-related limitations experienced by the claimant, the ALJ is permitted to consider "minimal objective evidence," a shortage or lack of evidence, among other factors. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ may consider "the conflict between [the plaintiff's] testimony of subjective complaints and the objective medical record," and find that the latter does not support the former. *Morgan v. Comm'r of SSA*, 169 F.3d 595, 600 (9th Cir. 1999). Although an ALJ may not reject a claimant's testimony solely because of minimal objective evidence, this factor, coupled with other clear and convincing reasons, sufficiently supports the ALJ's decision to discredit Plaintiff's testimony. *Burch*, 400 F.3d at 680-81.

Here, the ALJ noted that there was no medical record of any lower extremity issues until January 2021. AR 22. When Plaintiff visited the ER on March 14, 2019 for a urinary frequency problem, Plaintiff made no complaints related to her lower extremity and displayed good range of motion in all of her major joints. AR 290-93. During a subsequent examination on September 23, 2019, the ALJ noted that Plaintiff, again, made no musculoskeletal complaints. Dkt. 373-74.

The ALJ then discussed medical records of examinations from February and March 2020, Plaintiff displayed normal gait. AR 328, 332. The ALJ also noted that during 2021, Dr. Madewell observed that Plaintiff's 2016 x-ray showed moderate to severe degenerative changes. AR 371. Plaintiff had reduced flexion of the left knee but

no tenderness of the patella and no visible laxity on exam. AR 372. She had normal contour of the spine without deformity, contracture, or tenderness. AR 371.

The ALJ further noted that despite complaints of bilateral knee pain, she admitted she had not had much treatment for this condition. AR 555. She had not participated in nonoperative management, such as topical anti-inflammatories, braces, or steroid injections. AR 559. During an exam on March 4, 2021, she had an antalgic unassisted gait. AR 558. This evidence provided substantial support for the ALJ's conclusion that the objective medical evidence during the relevant period did not support Plaintiff's claims of work-related limitations. Therefore, the Court finds no legal error in the ALJ's conclusion that the objective record did not support Plaintiff's testimony. While minimal objective evidence is not sufficient in itself to discredit Plaintiff's testimony, the ALJ provided other valid reasons to discount Plaintiff's testimony. *Burch*, 400 F.3d at 681.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is AFFIRMED.

Dated this 26th day of September, 2023.

Theresa L. Fricke
United States Magistrate Judge